**SEUTATIA FIAME, Plaintiff,**

**v.**

**MANU SAMOA FIAME, LISE ISILELI
and SULUFAIGA MATAUTIA, Defendants.**

High Court of American Samoa
Trial Division

CA No. 18-99

March 24, 2000

Before RICHMOND, Associate Justice, TUAOLO, Chief Associate Judge, and TAUANU'U, Temporary Associate Judge.

Counsel: For Plaintiff, Barry I. Rose

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT OR SUMMARY JUDGMENT

Plaintiff Seutatia Fiame ("Fiame") filed a complaint for declaratory relief on March 12, 1999. The named defendants are her children, who have not contested the complaint. Fiame brings suit in order to establish clear title to certain real property located in the village of Tafuna. The defendant children have not filed an answer or otherwise appeared in this action. Thus, Fiame now seeks a default judgment or summary judgment in the form of declaratory relief. The hearing was held on January 21, 2000, with Fiame's counsel present.

This property in question, known as Kokoland, was deeded to Fiame and her deceased husband without specifying the type of joint ownership. The husband died intestate on October 23, 1994, and Fiame and her children now wish to determine the ownership of the property in order to secure a mortgage or sell the property. There being no default rule at present in the territory regarding the disposition of real property when a spouse dies intestate, Fiame and her children are uncertain as to who holds interests in Kokoland. Fiame is accordingly seeking declaratory judgment that a tenancy by the entirety applies in this situation, making her the sole owner of the property.

## Analysis

■ Fiame is correct in asserting that her situation is not unique in the territory. It would indeed be helpful to determine whether a tenancy by the entirety applies in the territory when a property is deeded to spouses without designating the tenancy and one spouse then dies intestate. However, in order to issue a declaratory judgment to that effect, the

96

court requires that a true case or controversy come before it. A.S.C.A. § 43.1101.

■ In order for there to be a case or controversy amenable to a decision on the merits, we must ask "whether it is relatively certain that coercive litigation will eventually ensue between the same parties if a declaratory judgment is refused." *In re High Chief Title "Mauga,"* 4 A.S.R. 132, 135 (1974). In contrast to more recent cases where the parties were likely to sue each other in the absence of declaratory relief, *see, e.g., Am. Samoa Gov't v. S. Pac. Island Airsystems*, 26 A.S.R.2d 132 (Trial Div. 1994); *Sala v. Am. Samoa Gov't*, 21 A.S.R.2d 50 (Trial Div. 1992), the parties in the present case have shown no such inclination.

■ The present case appears to have been constructed by acquiescing parties with identical interests in order to obtain an advisory opinion. However useful a disposition on the merits would be, we cannot overlook the case or controversy requirement to grant declaratory relief in this case. This case never should have come before us, because the parties could have easily established clear title to the property by having the children sign quitclaim deeds assigning any and all interest in the property to Fiame.

We are eager to rule on the nature of the tenancies in this kind of situation, but longstanding and powerful prohibitions on advisory opinions require us to wait for a true controversy in order to do so.

## Order

For the foregoing reasons, the motion for a default judgment or summary judgment in the form of declaratory relief in favor of Fiame is denied.

It is so ordered.